FILED

APR 13 2015

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          ace          DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| GINO FASHION, | CASE NO. 14-cv-2385-BEN (BGS) |
|---|---|
| Plaintiff, | **ORDER DISMISSING CASE** |
| vs. | |
| PENNY PRITZKER, et al., | |
| Defendants. | |

The Court considers whether subject matter jurisdiction exists over this action.

### BACKGROUND[1]

This case arises from Plaintiff Gino Fashion's experience at a Hyatt hotel in Arlington, Virginia. Plaintiff used Travelocity to reserve a room at the Hyatt from November 26 to November 29, 2013. (Amended Complaint ("AC") ¶ 9.) During his stay there, Plaintiff used the hotel's paper copy machine. (AC ¶ 11.) Plaintiff expected the expense of the copy machine to be much less than it turned out to be. (AC ¶¶ 12-13.) Upon seeing the over $300 copy bill, Plaintiff told hotel staff that he would not pay it. (AC ¶ 14.) Some time later, on November 28, 2013, Plaintiff was escorted off of the premises by law enforcement. (AC ¶ 24.) Plaintiff claims

---

[1] Unless otherwise noted, the following background is drawn from the allegations of Plaintiffs' Amended Complaint. The Court is not making any factual findings, but rather only summarizing the relevant facts alleged for purposes of evaluating Defendants' motions to dismiss and this Court's subject matter jurisdiction.

he suffers from anxiety and Post Traumatic Stress Disorder, among other mental illnesses, as a result of the incident. (AC ¶¶ 28-32.)

Plaintiff, proceeding pro se and *in forma pauperis*, filed an Amended Complaint, alleging breach of contract and violations of his civil rights under 42 U.S.C. § 1983. Plaintiff named the following six Defendants: (1) Hyatt Hotels Corporation ("HHC"); (2) Tom Pritzker; (3) Penny Pritzker; (4) Travelocity.com LP;[2] (5) Sabre GLBL, Inc.;[3] and (6) Tom Klein.

Tom Pritzker is the Executive Chairman of the Board of HHC. (Docket No. 35, Mot. 3.) Penny Pritzker is a shareholder of HHC and United States Secretary of Commerce. (Docket No. 33, Mot. 2-3.) Plaintiff sues Ms. Pritzker in "her professional 'Hyatt' role." (AC at 1.) Tom Klein is the Chief Executive Officer of Sabre GLBL, Inc. (Docket No. 32, Mot. 2.) Sabre GLBL, Inc. is the alleged parent company of Travelocity. (Docket No. 34, Mot. 2 n.2). Travelocity.com LP, or any other entity named "Travelocity," is no longer affiliated with Sabre. (*Id.*)

Defendants separately[4] filed motions to dismiss for: (1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) failure to state a claim upon which relief may be granted; and (5) Plaintiff's failure to comply with a court order. (Docket Nos. 32, 33, 34, 35, 36.) In addition, Defendants HHC, Travelocity.com LP, and Sabre GLBL, Inc. also ask this Court to dismiss this action for insufficient service of process. (Docket Nos. 34, 36.) Plaintiff filed an Opposition addressing all of Defendants' motions. (Docket No. 40.)

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts may hear cases that

---

[2] Incorrectly sued as "Travelocity Corporation."

[3] Incorrectly sued as "Sabre Corporation."

[4] Defendants Travelocity.com LP and Sabre GLBL, Inc. jointly filed a motion to dismiss. (Docket No. 34.)

involve a federal question or are based in diversity. 28 U.S.C. §§ 1331, 1332; *see Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Federal question jurisdiction exists if a case arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Courts have diversity jurisdiction over civil actions between citizens of different states, where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

**I. Federal Question Jurisdiction**

This Court does not have federal question jurisdiction over this matter. Plaintiff's Counts 3-13 are based upon 42 U.S.C. § 1983, which would ordinarily invoke federal question jurisdiction. However, to maintain a suit under section 1983, Plaintiff must allege that the violation of a federal right was committed by a person acting under color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Id.* at 50 (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). "A private party may be considered to have acted under color of state law when it engages in a conspiracy or acts in concert with state agents to deprive one's constitutional rights." *Fonda v. Gray*, 707 F.2d 435, 437 (9th Cir. 1983) (citations omitted). "To prove a conspiracy between private parties and the government under § 1983, an agreement or 'meeting of the minds' to violate constitutional rights must be shown." *Id.* at 438 (citations omitted). The mere furnishing of information to state actors does not constitute joint action under color of state law which renders a private citizen liable under section 1983. *Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983); *Butler v. Goldblatt Bros., Inc.*, 589 F.2d 323, 327 (7th Cir. 1978).
///

Here, Plaintiff sues three private companies and three private individuals in their official capacities related to the named companies. Plaintiff makes conclusory allegations that Defendants acted under color of state law. Plaintiff claims Defendants conspired and acted in concert with police to violate his constitutional rights. But, Plaintiff presents no facts to support these allegations. Plaintiff does not claim that Defendants called the police. However, assuming Defendants did do so, their request for police assistance is insufficient to support a claim under section 1983. *See Benavidez*, 722 F.2d at 618; *Butler*, 589 F.2d at 327. Although courts must liberally construe pleadings filed by parties proceeding pro se, *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010), courts must not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

It is apparent that Plaintiff cannot proceed with his claims under section 1983. The Court therefore does not have federal question jurisdiction over this matter.

## II. Diversity Jurisdiction

Defendants argue that even if they did breach a contract, the resulting damages would be substantially less than $75,000. In response, Plaintiff states, "[t]he matter in controversy exceeds $75,000." (Opp'n 4.)

A plaintiff must demonstrate a "good faith, minimally reasonable belief" that the amount in controversy exceeds $75,000. *Stevens v. Optimum Health Inst.–San Diego*, 810 F. Supp. 2d 1074, 1082 (S.D. Cal. 2011) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

Plaintiff seeks to recover $50,000,000. Concluding that Plaintiff cannot proceed with his section 1983 claims, only two contract claims remain. In Count 1, Plaintiff claims he paid $230.13 for a three night stay at the Hyatt. He also claims Defendants breached that contract when they evicted him before his reservation was scheduled to end. Plaintiff demands three million dollars in compensation for Count 1. In Count 2, Plaintiff claims he had a contract with Defendants to make 70

copies for $70. He claims Defendants breached that contract when he was actually billed $320 for the copies. Plaintiff demands three million dollars in compensation for Count 2.

Assuming Plaintiff had the two above-mentioned contracts and Defendants breached those contracts, the damages appear to be less than $1,000—much less than the requisite $75,000 to establish diversity jurisdiction. Further, in response to Defendants challenge of the amount in controversy, Plaintiff vaguely cites a 2012 *Cohen v. Sterling* case where he claims the plaintiff suffered "PTSD and Bipolar condition" and recovered "in the range of $17 million." The Court could not locate such a case, but regardless, Plaintiff cannot recover for any mental illness or distress on a breach of contract claim. *See Gibson v. Office of the Attorney Gen.*, 561 F.3d 920, 929 (9th Cir. 2009) (concluding emotional and physical distress are not recoverable on a California contract claim); *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 516 (1994) (same).

The Court finds that Plaintiff's demand is not made in good faith. Therefore, this Court does not have diversity jurisdiction over this case.

**III. Leave to Amend**

While the Court would ordinarily grant Plaintiff leave to amend in the event he could cure the deficiencies addressed above, doing so in this case would be futile.

"Futility of amendment can, by itself, justify the denial of . . . leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). A district court has "particularly broad" discretion in denying amendment when it has previously given leave to amend. *Gonzalez v. Planned Parenthood*, 759 F.3d 1112, 1116 (9th Cir. 2014) (citations omitted).

On February 7, 2014, Plaintiff filed a complaint under 42 U.S.C. § 1983 before a different judge. *Fashion v. Hyatt Corp.*, No. 14-cv-293-MMA (S.D. Cal. Feb. 27, 2014). The district court *sua sponte* dismissed the case for lack of subject

matter jurisdiction, but granted Plaintiff leave to amend his complaint. Plaintiff did not do so. Eight months later, on October 8, 2014, Plaintiff filed a new complaint alleging breach of contract before this Court. (Docket No. 1.) Plaintiff's allegations arose out of the same factual situation that was the foundation for the previous case. On January 6, 2015, this Court granted Plaintiff leave to file an amended complaint. (Docket No. 23.) The Amended Complaint alleges breach of contract and violations of 42 U.S.C. § 1983.

Plaintiff was given notice of the deficiencies in his complaint in February 2014. Plaintiff then filed a complaint before this Court that did not cure the deficiencies noted by the previous court. Even after being granted leave to amend, the same deficiencies still exist in the operative Amended Complaint. Accordingly, granting Plaintiff leave to amend would be futile.

## CONCLUSION

The Court does not have subject matter jurisdiction over this action. The case is therefore **DISMISSED** without leave to amend. The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: April /0, 2015

HON. ROGER T. BENITEZ
United States District Judge